UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GERHARD A. PORTSCHER and                                    00-CV-0675E(Sr)
BONNIE JOY PORTSCHER, his wife,

                    Plaintiffs,                                 MEMORANDUM

        -vs-                                                          and

OHIO INDUSTRIES, INC. and                                    ORDER[1]
MEGA-LIFT, INC.,

                    Defendants.

---

        Plaintiffs Gerhard A. Portscher and Bonnie Joy Portscher ("Plaintiffs")

commenced this products liability action against defendants Ohio Industries, Inc.,

("Ohio") and Mega-Lift, Inc., ("Mega-Lift") seeking to recover damages for an injury

Gerhard Portscher suffered during the course of his employment while operating a

forklift allegedly designed, manufactured and/or distributed by Ohio and/or Mega-

Lift.  Although this action has been pending for six years, progress has been stalled

due to Ohio's bankruptcy proceedings and the accompanying automatic stay.

Pending before the Court is Plaintiffs' Motion to Sever their claims and Mega-Lift's

cross-claims against Ohio so that Plaintiffs may proceed with their claims against

Mega-Lift.  Also pending is Mega-Lift's Motion to lift the bankruptcy stay as to Ohio.

Further complicating matters is the fact that the law firm of Damon & Morey, LLP,

Ohio's counsel, has filed a Motion to Withdraw as Counsel.

---

        [1]This decision may be cited in whole or in any part.

A. Motion to Lift Stay

Mega-Lift seeks an Order of this Court removing the automatic bankruptcy stay as to Ohio.   As outlined by Mega-Lift, the bankruptcy proceedings against Ohio commenced in May 2001 in the Northern District of Ohio.[2]  After certain creditors filed an involuntary bankruptcy proceeding, the Receiver for Ohio sought to and did sell some of Ohio's most valuable product lines.  Mega-Lift asserts that one such product line, the Ohio Locomotive Crane and American Locomotive Crane businesses, were sold to ERS Industries, Inc., and re-named American & Ohio Locomotive Crane.[3]  Mega-Lift asserts that ERS Industries, Inc. and American & Ohio  Locomotive Crane is in the business of designing, manufacturing and selling cranes.[4]

Mega-Lift seeks to lift the bankruptcy stay so that it may conduct discovery of any remnants of Ohio, ERS Industries, Inc. and its American & Ohio Locomotive Crane entity.  Mega-Lift asserts that the discovery "is not to be obtained for the purpose of obtaining a judgment or award against Ohio Industries, but rather for Mega-Lift to obtain information necessary to defend this action."  Pezzulo Affirm. ¶21.  Mega-Lift

---

[2]Mega-Lift asserts that the Bankruptcy was originally filed as a Chapter 7, was later converted to a Chapter 11 and was then converted back to a Chapter 7.

[3]Mega-Lift asserts that American & Ohio Locomotive Crane continues to operate at the address of P.O. Box 511, Bucyrus, Ohio, which address formerly belonged to Ohio.  Pezzulo Affirm. ¶¶15-16.   Mega-Lift further asserts that David P. Enger, former Vice-President of Manufacturing and Engineering for Ohio is now working for American & Ohio Locomotive Crane as its General Manager.  *Id*. at ¶¶17-19.

[4]Mega-Lift has not alleged that American & Ohio Locomotive Crane has a connection to the design, manufacture or distribution of hydraulic forklifts, the product at issue in this case.

does not specify what information or categories of information it requires from Ohio in order to defend against Plaintiffs' claims.

The question of whether the bankruptcy stay should be lifted is one to be determined by the bankruptcy court.  *See* 11 U.S.C. §362(d).  As the bankruptcy is pending in the United States Bankruptcy Court for the Northern District of Ohio, this Court cannot grant the relief Mega-Lift seeks and Mega-Lift's Motion is therefore denied without prejudice to Mega-Lift's seeking such relief from the appropriate court.

B.  Motion to Sever Claims and Cross-Claims against Ohio

Plaintiffs' Motion seeks an order from the Court severing their claims, and Mega-Lift's cross-claims against Ohio.[5]  At oral argument, however, Plaintiffs' counsel stated that they seek an "order of discontinuance" as to Ohio.[6]  In support of their Motion, Plaintiffs provide only the affidavit of their attorney, Joseph DeMarie, in which he asserts "upon information and belief" that Ohio no longer exists and that whatever

---

[5]Ohio also asserted cross-claims against Mega-Lift.

[6]As Plaintiffs have cited no legal authority in support of their Motion, the Court questions whether they seek a severance pursuant to Rule 21 of the Federal Rules of Civil Procedure ("FRCvP"), separate trials pursuant to FRCvP 42(b) or seek to voluntarily dismiss, *i.e.* "discontinue," the action as against Ohio pursuant to FRCvP 41(a)(2). Despite Plaintiffs' request at oral argument for a "discontinuance" as to Ohio, Plaintiffs cannot seek to dismiss Mega-Lift's cross-claims against Ohio or Ohio's cross-claims against Mega-Lift.  As the relief Plaintiffs seek in their papers would purport to affect Mega-Lift's cross-claims against Ohio, the Court concludes that Plaintiffs must be seeking either separate trials pursuant to FRCvP 42(b) or a severance pursuant to FRCvP 21.  Fortunately, the Court considers the same factors with respect to a Motion under either Rule.  *See New York* v. *Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848 (1988).

assets it had "may have been sold off by the Bankruptcy Court."  DeMarie Aff. ¶7.

Plaintiffs further assert that "by reason of the dissolution of Ohio $_{***}$ it is no longer

a proper party $_{***}$." *Id*. ¶9.

Mega-Lift opposes the Motion to Sever and argues that it will be prejudiced

should the claims against Ohio be severed before it can obtain discovery from Ohio.

Mega-Lift asserts that once the claims against Ohio are severed, neither Ohio nor any

of its employees would be subject to discovery in this action.[7]

The decision whether to sever a party or a claim is within the broad discretion

of the district court.  *See Smith* v. *Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370

(2d Cir. 1988).  In making such a determination, the court considers (1) whether the

issues sought to be tried separately are significantly different from one another, (2)

whether the separable issues require the testimony of different witnesses and

different documentary proof, (3) whether the party opposing the severance will be

prejudiced if it is granted, and (4) whether the party requesting the severance will be

prejudiced if it is not granted.  *German* v. *Federal Home Loan Mortgage Corp.*, 896 F.

Supp. 1385, 1400 (S.D.N.Y. 1995).  The Court also evaluates whether severance will

further the aims of justice and fairness and will promote judicial economy while

---

[7]As noted *supra*, Mega-Lift is greatly concerned with ERS Industries, Inc.'s acquisition of its American & Ohio Locomotive Crane business.  It is unclear whether Mega-Lift seeks to obtain information about Ohio from ERS Industries, Inc. and its employees or whether Mega-Lift contends that ERS Industries, Inc. (or others) may have assumed some of Ohio's liability in the course of acquiring portions of Ohio.

avoiding the cumulative presentation of evidence. *See In re Merrill Lynch & Co., Inc. Research Reports Securities Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003).

Notably absent from Plaintiffs' Motion is any discussion of the law pertaining to severance or any analysis as to how the facts in this case demonstrate the propriety of the proposed severance.  Plaintiffs have failed to address any of the factors to be considered on such a Motion.  The Court has no information before it, other than the allegations in the Amended Complaint, as to the similarity or dissimilarity of the claims against Ohio and Mega-Lift or the similarity or dissimilarity of the evidence relevant to the claims.  In fact, Plaintiffs have failed to even allege that they will be prejudiced in any fashion by the denial of a severance.[8]  Plaintiffs' Amended Complaint alleges in part that:

> "6.  Upon information and belief, at all times relevant, defendant OHIO, manufactured, sold and/or leased a forklift truck under the name and style of Autolift to the co-defendant, MEGA-LIFT, INC.
>
> "7. On March 15, 1999 while in the course of his employment, GERHARD A. PORTSCHER was operating said forklift owned and manufactured by defendants when he was caused to sustain serious personal injuries."

Am. Compl. ¶¶6-7.  The crucial issues with respect to Plaintiffs' claims against both Ohio and Mega-Lift are whether the forklift in question was defective and whether such defect caused Portscher's injuries.  Thus, severance of the claims against Ohio

---

[8]Of course, the Court itself is aware that this matter has been pending for over six years and that such delay may constitute prejudice to Plaintiffs.  Notwithstanding such delay, Plaintiffs could have brought a motion to sever Ohio's claims at any time in light of the fact that defendants other than the debtor are not necessarily entitled to the benefit of an automatic stay. Plaintiffs chose not to do so until now.

would result in the need for duplicative litigation with respect to the primary issues. *See Levine* v. *Federal Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D. Conn. 1991) (severance disfavored where claims to be severed arise out of same transaction as those claims remaining in the main action because such creates duplicative litigation).

Furthermore, Plaintiffs make several representations as to Ohio's status which are either unsupported by citation to any source or conflict with information provided by other parties.  While Plaintiffs assert "upon information and belief" that Ohio has been discharged in bankruptcy, such claim appears to be refuted by the ongoing nature of the bankruptcy proceeding as well as Mega-Lift's contention that the Bankruptcy Trustee reported — albeit in 2004 — that he continues to marshal Ohio's assets for distribution.[9]  It appears that no party knows whether Ohio currently remains in bankruptcy,  whether any portion of Ohio remains intact, whether any portion of Ohio's assets remain to be distributed or whether any portion of Ohio's potential liability was transferred along with any assets.  The dearth of information provided makes it exceedingly difficult for the Court to undertake the appropriate balancing inquiry.[10]

---

[9]Also, Plaintiffs represent that Ohio lacked liability insurance but cite no authority for the basis of that representation.

[10]Obviously, if nothing remains of Ohio — and no other entity has assumed any of Ohio's liabilities — it would appear that severance or dismissal would be appropriate.  The Court is not prepared to make such a determination when no party has obtained the facts demonstrating such to be the case.

Notwithstanding the less than compelling claims of prejudice that Mega-Lift contends it will suffer should a severance be granted,[11] the Court concludes that a brief period of 120 days from the date of this Order during which Mega-Lift can seek to lift the bankruptcy stay to obtain discovery and during which all parties can obtain additional information with respect to Ohio's status would not unduly prejudice Plaintiffs nor defeat the interests of judicial economy.  Accordingly, the Court will deny Plaintiffs' Motion to Sever Claims and Cross-Claims as to Ohio without prejudice.  Plaintiffs may renew their Motion upon the expiration of that 120-day period, unless such period has been extended by the Court.

C. Damon & Morey's Motion to Withdraw as Counsel for Ohio

Damon & Morey seeks to withdraw as counsel for Ohio because Ohio has failed to pay its legal fees and because Damon & Morey has been unable to contact its client since 2003.  Damon & Morey represents that it has attempted to contact Ohio but Ohio's telephone numbers have been disconnected and correspondence addressed to Ohio has been returned and marked "address unknown."   Plaintiffs have expressed no position with respect to Damon & Morey's Motion, while Mega-Lift has opposed the Motion.

---

[11]Mega-Lift argues that if claims against Ohio are severed, Ohio will no longer be a party to this action and no longer subject to discovery.  While the first portion of that statement is technically correct in that Ohio would no longer be a party in the main action, Ohio would remain a party in the severed action and thus would remain subject to discovery.  Furthermore, even if Ohio were no longer a party, as Plaintiffs noted at argument, there are provisions in the FRCvP by which a party may obtain discovery from non-parties.  Thus, at this time, nothing prevents Mega-Lift or Plaintiffs from seeking to obtain discovery from ERS Industries, Inc. under appropriate provisions of the FRCvP.

Mega-Lift argues that Damon & Morey has not demonstrated sufficient efforts to contact either its client, the client's individual employees or officers or the Bankruptcy Trustee. Mega-Lift further argues that Damon & Morey has not provided on this Motion the address of Ohio to which it sent correspondence and has not averred any attempt to contact ERS Industries, Inc. or American & Ohio Locomotive Crane.

Damon & Morey has provided sufficient cause to be relieved as counsel. The Court credits Damon & Morey's representations that attempts were made to contact Ohio at the same telephone numbers and addresses utilized in the past and that those efforts proved fruitless. Moreover, despite Mega-Lift's contention that a portion of Ohio's assets may have been sold to ERS Industries, Inc., Mega-Lift has provided no authority by which Damon & Morey would be required to contact its client's business lines piecemeal in order to determine whether or not it still represents the client or portions or former portions thereof.

<u>CONCLUSION</u>

Accordingly, for the reasons stated, it is **ORDERED** that Mega-Lift's Motion to Lift the Bankruptcy Stay is denied; that Plaintiffs' Motion to Sever the Claims against Ohio is denied without prejudice; that Mega-Lift shall have a period of 120 days from the date of this Order in which to seek to lift the bankruptcy stay and that upon expiration of that period Plaintiffs may renew their Motion to Sever; and that Damon & Morey's Motion to be Relieved as Counsel for Ohio Industries is granted.

DATED:      Buffalo, N.Y.

            March 16, 2007

                                    _____
                                    */s/ John T. Elfvin*
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.